Leon D. Lazer, J.
Relator has instituted a habeas corpus proceeding to test the legality of his arrest made in connection with proceedings for his extradition to the State of Florida. He is alleged to be a fugitive from Florida justice, accused of committing the crimes of assault with intent to commit murder, and petit larceny on February 11, 1971. A hearing was conducted on the merits of the writ, at which time one John Doll, Jr., a witness to the alleged crimes, testified and identified relator as a person who partook of the incidents on which the criminal charges are based. Relator’s petition asserts that he was not at the scene as alleged. During the hearing Mr. Miller directed a further thrust at the affidavits which underlie the Florida information.
CPL 570.08 provides that a demand for extradition may be accompanied by an “ information supported by an affidavit in the state having jurisdiction of the crime ”. Attached to the instant demand is an information made in the Criminal Court of Record of Dade County, Florida, and an affidavit made by a police detective sworn to before a Judge of the same Criminal Court.
During the hearing at bar, relator’s attorney vigorously cross-examined Mr. Doll concerning his testimonial identification of Mr. Miller as a participant in the crimes charged. *807 Relator and his father (Clarence Miller) both testified that the former was in Tampa and not Miami (where the alleged crimes occurred) on February 11, 1971.
The issues as limited by the pleadings, proof and legal argument, including memoranda, are identification and probable cause.
The relator’s petition asserts that relator “is imprisoned” because of a warrant of arrest “charging that said [relator] is a fugitive from justice ” (emphasis supplied). The petition goes on to assert that the relator “ was not present at the scene of the crime.”
In a habeas corpus proceeding to determine the sufficiency of a warrant of extradition, the scope of inquiry by the court in the asylum State is restricted to whether the prisoner is the person named in the warrant; whether he was in the demanding State at the time of the crime, and whether he is substantially charged with having committed a crime under the laws of the demanding jurisdiction (People ex rel. Shurburt v. Noble, 4 A D 2d 649; United States ex rel. Vitiello v. Flood, 374 F. 2d 554 [2d Cir.]; Hyatt v. People ex rel. Corkran, 188 U. S. 691).
Relator’s testimony that he was present in Florida at the time of the crime, coupled with his formal judicial admission in the petition that he is the person sought by the Governor of Florida is conclusive on the issue of identification, particularly since the presumption raised by the identity of names has not been overcome (People ex rel. Epstein v. Patton, 177 App. Div. 933; People ex rel. Teitelbaum v. Ryan, 181 App. Div. 404).
It is now settled that the requirement of ‘ probable cause ’ ’ sufficient for the issuance of a search warrant applies to the issuance of an extradition warrant (Kirkland v. Preston, 385 F. 2d 670 [D. C. Cir.]; People ex rel. Gatto v. District Attorney of Richmond County, 32 A D 2d 1053; People v. Artis, 32 A D 2d 554). “ Probable cause ” may rest upon evidence not legally competent in a criminal trial (Draper v. United States, 358 U. S. 307, 311) such as hearsay (Jones v. United States, 362 U. S. 257). It need not reflect the direct personal observation of the affiant provided that some of the underlying circumstances supporting affiant’s conclusions are disclosed (United States v. Ventresca, 380 U. S. 102).
Where extradition is sought on the basis of affidavits made on information and belief closer scrutiny is required than would be required in a case involving an indictment (People ex rel. Lawrence v. Brady, 56 N. Y. 182).
*808 Here the affidavit is made by Detective Miner and sworn to' before a Magistrate in the demanding State. The fact that it was made after the issuance of the information is not significant (People ex rel. Panitz v. Ruthazer, 15 A D 2d 800, mot. for lv. to app. den. 11 N Y 2d 644). The detective names and characterizes the persons who gave him the information and states exactly what information was given. The affidavit describes how relator was identified by one of the victims and a oodefendant participant in the alleged crimes. The sources of his information are within the four cornérs of the affidavit (cf. People v. Artis, 32 A D 2d 554, supra).
Whether the evidence is sufficient to achieve conviction is not for this court (People ex rel. Higley v. Millspaw, 281 N. Y. 441). Eelator was required to overcome the presumption that he is the person charged and that he was present in the State of Florida at the time of the offense, by clear and convincing evidence (Munsey v. Clough, 196 U. S. 364; Moncrief v. Anderson, 342 F. 2d 902; United States ex rel. Vitiello v. Flood, 374 F. 2d 554, supra). He has done neither.
The writ is therefore dismissed, bail is revoked and relator is remanded to the custody of the Suffolk County Sheriff for delivery to the appropriate officer of the State of Florida.