George F. Roberts, J.
This is a habeas corpus proceeding to determine the sufficiency of a warrant of extradition.
The relevant facts are not in dispute. Petitioner was acquitted of the crime of murder by reason of mental disease or defect in Maine in June of 1970. Pursuant to section 103 *576 of title 15 of the Maine Revised Statutes Annotated (Me. Rev. Stat., tit. 15, § 103) the petitioner was then committed to the Augusta State Hospital for care and treatment. Petitioner left the hospital without authorization on April 5,1973. Shortly thereafter he began residence in New York City. On March 18, 1974 the petitioner was arrested on a fugitive warrant from the State of Maine. On May 7, 1974 the petitioner was indicted for the crime of escape (Me. Rev. Stat., tit. 17, § 1405). The State of Maine now seeks extradition, and the petitioner contests the legality of his arrest by the instant petition for a writ of habeas corpus (CPL 570.24).
In a habeas corpus proceeding to determine the sufficiency of a warrant of extradition, the scope of inquiry by the court in the asylum State is restricted to three basic areas: whether the prisoner is the person named in the warrant; whether he was in the demanding State at the time of the alleged crime, and whether he is substantially charged with a crime under the laws of the demanding jurisdiction. (Drew v. Thaw, 235 U. S. 432; People ex rel. Shurburt v. Noble, 4 A D 2d 649; People v. Miller, 74 Misc 2d 806.)
The petition concedes the first two points, and the only issue presented is whether the indictment properly charges a crime under the laws of the State of2 Maine. “ The reasonable possibility that the act alleged to be a crime may be such in the demanding state must appear. Nothing more is required.” (People ex rel. Gellis v. Sheriff of Westchester County, 251 N. Y. 33, 36.) There is also a strong presumption of the regularity of the indictment. (People ex rel. Higley v. Millspaw, 257 App. Div. 40; People ex rel. de Martini v. McLaughlin, 243 N. Y. 417.)
The statute under which petitioner is charged (Me. Rev. Stat., tit. 17, § 1405) reads as follows:
“ § 1405 Escape from jail Whoever, being lawfully detained in any jail or other place of confinement, except the State Prison, breaks or escapes therefrom, or attempts to do so, shall be punished by imprisonment for not more than 7 years. The sentence to such imprisonment shall not be concurrent with any other sentence then being served or thereafter to be imposed upon such escapee. Whoever resists apprehension or breaks arrest shall be punished by a fine of not more than $1,000 or by imprisonment for not more than 11 months.”
The Supreme Judicial Court of Maine has interpreted the crime of escape as1 defined in section 1405 as having three elements: “ (1) the intentional unauthorized departure (2) from lawful detention *577 pursuant to lawful authority (3) for a criminal offense.” (State of Maine v. Heald, 322 A. 2d 68, 72 [Me.]; emphasis added.) Therefore the issue presented is whether petitioner’s commitment to the Augusta State Hospital after his acquittal by reason of mental disease or defect was a commitment for a criminal charge (Me. Rev. Stat., tit. 15, § 103).
The Attorney General of the State of Maine urges that the petitioner’s commitment is criminal in nature (Me. Rev. Stat., tit. 15, § 104; Chase v. Kearns, 278 A. 2d 132 [Me.]). In Chase v. Kearns (supra), the court held that the procedures for release of persons committed after acquittal by reason of mental disease or defect could vary from those provided to civil patients, since the former is a criminal commitment while the latter is civil. (It is well to note that the New York Court of Appeals has taken a contrary position; see People v. Lally, 19 N Y 2d 27.) Nonetheless, the fact that the procedure utilized to govern release is considered criminal is not dispositive of the point at issue. The petitioner was not committed for a criminal offense but for “ care and treatment ” (Me. Rev. Stat., tit. 15, § 103) after being acquitted of an offense as a. result of mental disease or defect. It is obvious that the petitioner was committed to a hospital for his own protection and that of the community. He was not confined for the criminal charge on which he was acquitted but for treatment of the mental disease or defect which caused that acquittal.
The court has considered the case of Drew v. Thaw (235 U. S. 432, supra). New York sought and obtained the extradition of Harry K. Thaw from New Hampshire. Thaw had been tried for the murder of Stanford White. He was acquitted on the ground of insanity and committed to Matteawan State Hospital, from which he subsequently escaped. The basis on which extradition was sought and obtained was clearly the commission of a crime in New York, namely, the crime of conspiracy to pervert and obstruct justice and the due administration of law. In the situation before this court, however, the demanding State does not, as a matter of law, allege the commission of a crime.
While, as previously noted, the Maine indictment enjoys a strong presumption of validity in this case, the highest court in the demanding State has set forth the requisite elements for the crime charged (escape) and they are not met (Maine v. Heald, 322 A. 2d 68, supra). Accordingly the writ is granted.
Submit writ and order discharging petitioner on notice.