THE PEOPLE OF THE STATE OF NEW YORK ex rel. BARRY MALLIN, on Behalf of DONALD BEAUCHENE, Respondent, v RICHARD H. KUH, as District Attorney of the County of New York, Appellant, and MALCOLM WILSON, as Governor of the State of New York, Respondent.

First Department, December 4, 1975

*Edward Agnew McDonald* of counsel *(Peter L. Zimroth* with him on the brief; *Robert M. Morgenthau, District Attorney),* for appellant.

*Barry Mallin* of counsel *(Mary McGowan Davis* with him on the brief; *William E. Hellerstein* and *William J. Gallagher,* attorneys), for petitioner-respondent.

YESAWICH, J. After a jury in the State of Maine acquitted respondent Beauchene of the crime of murder by reason of mental disease or defect, he was immediately committed to the Augusta State Hospital, a mental health institution, for care and treatment as required by Maine law (Maine Rev Stat, tit 15, § 103). Three years later, in 1973, following a sanity hearing, the Superior Court in Kennebec County, Maine, found respondent still presented a danger to himself and society and denied his request to be released from the hospital. Shortly thereafter he left the hospital, without authorization, and took up residence in New York City where he was ultimately arrested pursuant to a fugitive warrant, from the State of Maine, which charged him with the crime of escape (Maine Rev Stat, tit 17, § 1405).

Beauchene obtained a writ of habeas corpus to determine the sufficiency of the warrant of extradition. While he conceded being the person charged in the warrant, being in Maine when the crime of escape was said to have occurred and having left the hospital without permission, he urged that the warrant and supporting papers submitted by the Maine authorities did not substantially charge him with the commission of a crime in Maine as is necessary under CPL 570.08. Concluding that Beauchene's commitment to the Augusta State Hospital was for care and treatment and not for a criminal offense, the court below entered a judgment sustaining the writ, vacating the warrant and discharging respondent from any restraint. This appeal ensued.

Though the indictment charging respondent with the crime of escape is not part of the record, both the habeas court and the parties recognized it does actually exist. Inasmuch as there is a strong presumption as to the regularity of an indictment *(People ex rel. Higley v Millspaw,* 257 App Div 40, revd on other grounds 281 NY 441), the mere fact that the demanding State has returned an indictment ordinarily af-

fords an adequate basis to justify rendition *(Hogan v O'Neill,* 255 US 52). Furthermore, here, in addition to a Maine Grand Jury, that State's Governor and its Attorney General also concluded Beauchene had committed a crime in Maine. Since it is apparent then, at the very least, that there is "a reasonable possibility" respondent's actions constituted a crime in Maine, he should have been surrendered to the Maine authorities. *(People ex rel. Gellis v Sheriff,* 251 NY 33.)

Additionally, as the People observe, whether the escape statute respondent is charged with violating encompasses those who escape from hospitals or mental institutions to which they have been committed as a consequence of an alleged act of homicide is an unresolved issue of Maine law. Respondent's contention that the construction placed upon this statute by the Supreme Judicial Court of Maine in *State v Heald* (322 A2d 68) disposes of this issue is insupportable for Heald's escape was not from a hospital but from a county jail where he had been confined to await sentence after having been found guilty of the crime of being an accessory before the fact to robbery. But even if detention for "a criminal offense" is an essential element of the crime of escape, as was held in *State v Heald (supra),* whether that phrase should be construed to exclude one who has been acquitted of a criminal charge because of insanity offers a "nice question" of Maine law which Maine courts should decide. *(Drew v Thaw,* 235 US 432.)

The judgment entered December 17, 1974 should be reversed on the law and the facts, the writ dismissed and respondent remanded to custody.

STEVENS, P. J., LUPIANO, TILZER and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, New York County, entered on December 17, 1974, unanimously reversed, on the law and the facts, the writ dismissed and respondent remanded to custody.