Donald J. Mark, J.
This is an application for a writ of habeas corpus to test the legality of the request of the State of Nevada that the relator be extradited to that State on a charge of escape in that he allegedly escaped from custody while being held on charges of murder and burglary.
The relator resists his extradition upon the ground that the demanding State is without jurisdiction to extradite him.
It is the relator’s claim that Clark County, the county where his crime was allegedly committed, is not situate within the State of Nevada, because although the Nevada Legislature enacted legislation to annex the land comprising Clark County, the Nevada Constitution was never amended to include this land. He therefore argues with some logic that since Clark County is not part of the State of Nevada, that State is without authority to demand his extradition.
This contention by the relator, while admittedly ingenious cannot prevail for three reasons.
The first reason is that it is a generally accepted principle of law that the determination of the validity of the proceedings whereby a municipal corporation was created cannot be attacked in a collateral action (Griffin v City of Roseburg, 255 Or 103).
An act of the Nevada Legislature passed January 18, 1867, pursuant to an act of Congress, extended the southern boundary of the State of Nevada to include Clark County (1867 Nev Stat, p 145; 14 US Stat 43). Clark County as a result has at least de facto existence as a county in the State of Nevada, despite the failure of the Nevada Constitution to be accordingly amended (Central Missouri Oil Co. v City of St. James, 232 Mo App 142).
Under the doctrine of de facto existence of municipal corporations, the legal existence of the municipality cannot be questioned on account of irregularities in any action between the municipality and private citizen, even if the action involves an interference with private rights as drastic as imprisonment for violation of a penal ordinance (State ex rel. Wah-We-Yea-Cumin v Olson, 107 Minn 136).
*883 State ex rel. Wah-We-Yea-Cumin v Olson (supra), is a case analogous to the instant case. There the defendant had been indicted by the Grand Jury of a county which he claimed had not been organized in compliance with the applicable statutes. He claimed that as a result the county had no legal existence, the court could not lawfully be convened and the indictment against him was a nullity. The defendant’s argument was rejected and it was held that he did not have such an interest as to entitle him to test the validity of the county’s organization.
The second reason is that this court is bound by the decision of the Supreme Court of the State of Nevada (Kerfoot v Kelley, 294 NY 288, cert den 326 US 764), which has already made a determination adverse to the relator’s position (Surianello v State, 553 P2d 942 [Nev]).
Surianello v State (supra, p 949) specifically rejected an argument identical to that made by the relator in this language: "Surianello’s last contention is that Las Vegas, Clark County, where the crime occurred is not a part of the State of Nevada and that therefore the statutes of Nevada have no force and effect. This jurisdictional issue which is presented periodically, is, of course, meritless and is summarily rejected.”
The decision of the foreign court of last resort is controlling on the question to be decided by a court of this State (Matter of Weeks, 294 NY 516), and this is expecially true when a question arises with respect to the statute and constitution of the foreign State (Hunt v Hunt 72 NY 217).
The third reason is that even if the State of Nevada had not already decided this intriguing issue, because of its complexity, it is one that should be ruled upon by a court of that State and not this court (People ex rel. Mallin v Kuh, 50 AD2d 191).
In People ex rel. Mallin v Kuh (supra), the trial court in an extradition habeas corpus proceeding was called upon to determine whether a Maine relator had escaped from detention "for a criminal offense” where he had escaped after having been acquitted of a murder charge by reason of insanity. Conceding that the interpretation of that phrase was an unresolved issue of Maine law, the appellate court held (p 193) that its construction "offers a 'nice question’ of Maine law which Maine courts should decide”, citing Drew v Thaw (235 US 432).
*884 Thus, because of the said three reasons, the relator’s argument that the State of Nevada is without authority to extradite him must be rejected.
Accordingly the relator’s petition for a writ of habeas corpus is dismissed and the relator is hereby remanded to the custody of the appropriate authorities of the State of Nevada.