STATE of Maine

v.

Donald J. BEAUCHENE.

Supreme Judicial Court of Maine.

Feb. 9, 1978.

Charles K. Leadbetter (orally), Fernand R. LaRochelle, Asst. Attys. Gen., Joseph M. Jabar, Dist. Atty., Augusta, for plaintiff.

Farris & Foley, P.A. by David P. Cullenberg, Gardiner (orally), for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

This matter comes before us on report pursuant to Rule 37A(b), M.R.Cr.P., after a Superior Court Justice denied the Defendant's motion to dismiss an indictment[1] charging him with escape[2] from the Augusta Mental Health Institute (AMHI).

The central issue here has been resolved by *State v. Flemming*, Me., 377 A.2d 448 (1977), decided since this case was reported.[3]

■ In *Flemming*, we held that our escape statute, applicable here but since repealed, did encompass an escape by an individual confined in a mental health institution as the result of being found not guilty of a crime by reason of mental disease or defect.

We also recognized that the plain meaning of the statutory language ". . . detained in any . . . other place of confinement . . ." does not limit the place of confinement to a penal institution so long as the individual is held subject to a judicially ordered restraint on his movement. *Id.* at 451. Thus, the statute is not unconstitutionally vague.

■ The Defendant also argues that his commitment to AMHI gives rise to a presumption of mental disease or defect which would render him legally incapable of committing the offense. We disagree. While the Defendant may ultimately be found not criminally responsible by reason of mental disease or defect, we regard that as an affirmative defense which requires proof. *State v. Buzynski*, Me., 330 A.2d 422, 430 (1974).

The entry will be:

Remanded to Superior Court for further proceedings consistent with this opinion.

DELAHANTY, J., sat at argument and conference but did not otherwise participate.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has concurred separately as Active Retired Justice.

POMEROY, WERNICK, ARCHIBALD, and GODFREY, JJ. concurring.

DUFRESNE, A. R. J., concurring separately.

DUFRESNE, Active Retired Justice (concurring in result only).

As in *State v. Flemming*, Me., 377 A.2d 448 (1977), the issue reported in this case raises the point, whether the instant indictment, which accuses the defendant of escaping from the Augusta Mental Health Institute following his commitment to said institution as a sequel to a verdict of not guilty of murder by reason of mental disease or defect, charges a crime cognizable under Maine law.

For the reasons fully stated in my concurring opinion in *Flemming*, supra, I maintain that such escape does not come within the scope of 17 M.R.S.A. § 1405, a statutory felony. But I repeat:

---

1. The indictment, in pertinent part, reads as follows:

   The Grand Jury Charges:
   On or about the 5th day of April, 1973, in the City of Augusta, County of Kennebec, and State of Maine, Donald Beauchene, while then and there being lawfully detained in the Augusta Mental Health Institute pursuant to an order of commitment to the custody of the Commissioner of the Department of Mental Health and Corrections signed on June 9, 1970, by . . . (a) . . . Superior Court Justice . . ., in the Cumberland County Superior Court after said Donald J. Beauchene had been found not guilty of murder by reason of mental disease or defect, said Donald J. Beauchene, did then and there willfully, unlawfully and feloniously escape from and out of said Augusta Mental Health Institute and go at large.

2. 17 M.R.S.A. § 1405, repealed by P.L. 1975, c. 499, § 7, eff. May 1, 1976.

3. At the time the report was ordered, the issue here presented was one of "doubt or importance." Cf. *State v. Placzek*, Me., 380 A.2d 1010 (1977). When the Defendant was arrested in New York on a fugitive warrant, the New York Supreme Court agreed with the Defendant's contention that he had not committed a crime by escaping from the State Hospital. *State ex rel. Mallin v. Wilson*, 79 Misc.2d 575, 360 N.Y.S.2d 579 (1974) rev. sub nom. *People ex rel. Mallin v. Kuh*, 50 A.D.2d 191, 375 N.Y.S.2d 871 (App.Div.1975).

"An escape by an inmate of a mental institution lawfully committed thereto by court order, like that of a prisoner held in jail on a criminal charge, cannot be viewed otherwise than an outrage to the dignity of the law and a public disrespect for the lawful authority by which he is detained. Such conduct constitutes a breach of the public peace, for it frustrates judicial process sanctioning control of the freedom of a person and is an affront to judicial authority and to the actual feelings and demands of the community. The common law casts a duty upon the lawfully committed inmate of a mental institution acquitted of crime by reason of mental disease or defect to yield obedience to lawful authority, especially in view of the State's special interest in the confinement of such people resulting from the fact that there has been a judicial determination that they have already endangered the public safety or have demonstrated a propensity toward criminal activity."

Again, I conclude that the instant indictment did charge the crime of escape under the common law, but that such escape is only a misdemeanor.

The Superior Court Justice was correct in denying the motion to dismiss the indictment. Therefore, I concur in the result reached by the majority.