OPINION OF THE COURT
John Clabby, J.
The court has before it an affidavit and warrant from the State of Florida in which it is charged that the defendant Leonel Faustino was on the 11th day of April, 1978 placed on probation for the offense of “burglary of dwelling, and committing a battery upon law enforcement officer” and that he violated the conditions of his probation.
Pursuant to the request of the police authorities of the State of Florida, the Governor of the State of New York signed a warrant directing the arrest and return of the defendant.
During the course of the defendant appearing before the Criminal Court of the City of New York, County of Queens, an order was made directing that he be examined by a court-appointed psychiatrist. The examination was held and Dr. Brodsky concluded as follows :
“Psychiatric Diagnosis: Schizophrenia, Residual Type Chronic.
*644 “It is the opinion of the undersigned that the defendant, Carlos Faustino, is a mentally ill person suffering from Chronic Schizophrenia and lacks the capacity to understand the proceedings against him or to assist counsel in extradition proceeding. He does not understand the nature of extradition and is unable to assist counsel in defending him in the court proceeding. He suffers from a mental disease and requires further care and treatment in a psychiatric facility”.
Following this examination, counsel for the defendant made a motion in Supreme Court, Queens County, for the appointment of a guardian ad litem for the defendant and for a hearing to adjudicate the defendant an incompetent and to order his civil commitment. The motion was denied.
Counsel for the defendant now makes a motion for the defendant’s mental examination pursuant to section 9.43 of the Mental Hygiene Law before this court.
This motion could be summarily denied solely on the basis that the record reflects that Supreme Court Justice Brennan previously on September 25, 1980 denied a similar request. However, this court in reviewing the Uniform Criminal Extradition Act (CPL art 570) and its unmistakable theme of curtailing the powers of the asylum State to interdict the return of a fugitive to a sister demanding State opts' to entertain the issue involved herein.
Governor Carey, on July 30, 1980, signed a warrant directing the arrest and extradiction to the State of Florida of the defendant herein who now seeks to petition this court to be examined civilly for mental competence ostensibly with a view towards civil commitment should such examination pursuant to section 9.43 of the Mental Hygiene Law deem him to require institutionalization. The court is of the opinion that such a procedure will in effect negate the intent of the Extradition Act, and contravene its purpose. Of no small consideration is the question of whether or not the standards of the asylum State relating to the question of competency are as rigid or as profound as the standards of the demanding State. Thus a sister State by employing minimal or facile standards could easily deny the sister State her rights to the body of the fugitive.
*645 The singular issue before a court pursuant to a writ of habeas corpus testing the validity of a proposed extradition is the identity of the fugitive, i.e., whether or not he is the proper person named in the extradition demand, and whether or not he was in the demanding State at the time of the crime. No other issues are relevant. (People ex rel. Shurburt v Noble, 4 AD2d 649; People ex rel. Mallin v Wilson, 79 Misc 2d 575; People v Miller, 74 Misc 2d 806.)
. It appears that New York has not definitely addressed this issue as to whether or not a fugitive may be examined and found incompetent in an extradition proceeding. However, in Ohio, the court in the case of State ex rel. Davey v Owen (133 Ohio St 96-05) states “neither the Governor nor court hearing an application for a writ of habeas corpus is authorized to hear evidence of present insanity of one alleged to be a fugitive.” And in Charlton v Kelly (229 US 447, 462) the court said the question of the sanity of the defendant is to be determined by the court having jurisdiction of the crime.
The above-cited cases dealt with fugitives who were not yet convicted of their crimes in the demanding States and the evidence of insanity, being a defense, will bear directly on innocence or guilt, thus it is properly excludable in the extradition proceeding. (31 Am Jur 2d 959, Extradition, 651.) However, whether the fugitive is wanted for a crime, or already convicted in the demanding State, the consequences of the competency examination is the same, it could result in possible commitment in the asylum State. The question of the fugitive’s competence should not, and may not be used to deny his return to the demanding State.
The remaining factor to be considered is whether a denial of a competency examination serves to obviate the defendant’s due process right to defend himself at the habeas corpus hearing testing the validity of the extradition with relation to his identity as the fugitive and his presence in the demanding State at the time of the commission of the crime. It is true that an incompetent defendant is certainly handicapped in such defense and the usual procedure is to suspend the proceedings until such time as the defendant is found to be competent.
*646 The Davey and Charlton cases (supra), appear to indicate that the demanding State is the forum for any competency determination. The rights of sister States under the Uniform Extradition Act is paramount to defendant’s due process right in this respect because his rights are preserved and will be accorded to him when he is returned to the demanding State. A competency examination and hearing may be held in the demanding State and the defendant treated accordingly. If he is declared competent, now or later, he will be afforded full opportunity to assert his defenses to his identity and presence in the State, etc. The sole difference is that if he is found to be incompetent, he will be institutionalized in the demanding State rather than the asylum State.
For all of the above reasons, the motion for mental examination is denied.