(December 11, 1980)

■ In the Matter of NATHANIEL WELKES, on Behalf of LEONEL C. FAUSTINO, Petitioner, v WILLIAM C. BRENNAN et al., Respondents.—Proceeding pursuant to CPLR article 78 for, *inter alia,* an order directing that a hearing be held to determine if petitioner's client is sufficiently fit to understand the nature of, and to assist counsel in, a pending extradition proceeding under CPL article 570. Petition granted, without costs or disbursements, and the matter is remitted to Criminal Term for a fitness proceeding in the nature of a proceeding pursuant to CPL article 730. Petitioner represents Leonel C. Faustino, who was arrested on a Governor's warrant issued at the request of Florida authorities charging him with a probation violation. Pursuant to CPL article 570, petitioner's client was arraigned on the warrant on August 5, 1980, and on August 7, 1980 the court ordered a mental examination which revealed that Faustino lacked sufficient capacity to understand the nature of the extradition proceeding or to assist counsel in the proceeding. Subsequent motions for appointment of a guardian ad litem and to adjudicate Faustino an incompetent as predicates to his civil commitment under section 9.43 of the Mental Hygiene Law were denied by Criminal Term as well as the Criminal Court in orders dated September 25 and October 16, 1980. Criminal Term then denied the accused's habeas corpus application on October 24, 1980. As a technical matter, the parties agree that CPL article 730 does not apply to extradition proceedings because CPL 730.30 (subd 1) refers to proceedings upon an accusatory instrument, the definition of which (CPL 1.20, subd 1) does not include extradition warrants authorized by CPL 570.18. Nevertheless, as a substantive matter, we note that CPL 570.24 requires that the accused be brought before a judicial officer prior to delivery to the demanding authority in order to be afforded his rights, which include assistance of counsel and habeas corpus, to challenge extradition. We agree with petitioner that his client's right to his counsel should not be rendered a meaningless formality because of an inability to understand the nature of the extradition proceeding or to assist petitioner in either waiving or challenging extradition on the narrow grounds available in this summary proceeding (see *People ex rel. Shurburt v Noble,* 4 AD2d 649; *People ex rel. Mallin v Wilson,* 79 Misc 2d 575; *People v Miller,* 74 Misc 2d 806). Under the circumstances a proceeding

in the nature of an article 730 proceeding would be appropriate in determining Faustino's fitness to proceed in the extradition hearing (see *Kostic v Smedley,* 522 P2d 535 [Alaska]; see, also, *Luker v Koch,* 176 Col 75; contra *Kellems v Buchignani,* 518 SW2d 788 [Ky]). Mollen, P. J., Hopkins, Damiani and Titone, JJ, concur.