■ In the Matter of THEODORE LITTLE, Petitioner, v ANTHONY SAVARESE et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondents from compelling the petitioner to appear in two lineups and to be forcibly shaved as long as he remains an adjudicated "incapacitated person" pursuant to CPL article 730.

Adjudged that the petition is granted to the limited extent that the respondent Santucci is directed to have the petitioner shaved at the hospital ward of the Kings County Hospital Center by personnel trained to care for incapacitated persons, and in all other respects the petition is denied, without costs or disbursements.

After the petitioner was indicted for an unrelated incident in Nassau County, he was found to be unfit to proceed to trial and was committed to the care and custody of the New York State Commissioner of Mental Health under whose care he remains at the present time. The respondent Santucci seeks to compel the petitioner to be shaved and to appear in two lineups in connection with two robberies which occurred in Queens County shortly before the incident for which he was arrested in Nassau County. His attorney claims that since the petitioner has been adjudicated an incompetent, compelling him to appear in the lineups would violate his rights to due process of law and to the assistance of counsel since he will not be able to effectively assist counsel in his defense or control his behavior during the lineup proceedings, thereby creating a risk of irreparable misidentification. Counsel also maintains that forcibly shaving the petitioner constitutes the kind of overreaching conduct which " 'shocks the conscience' " *(Rochin v California,* 342 US 165, 172), and should therefore be prohibited. We disagree.

Although the issuance of a court order directing the petitioner, who has been committed and who is represented by counsel, to appear in the lineups, is comparable to the filing of an accusatory instrument which signals the formal commencement of adversarial judicial proceedings and triggers the

attachment of the right to counsel (see, People v Coleman, 43 NY2d 222; People v Smith, 120 AD2d 118), we are not convinced that counsel will not be able to provide his client with effective representation at the lineups owing to the petitioner's condition. Counsel's contention that he will be unable to effectively communicate with his client because of his erratic behavior is speculative at best. Nor is it certain that during the course of the lineup proceedings the petitioner will be unable to control the trembling in his legs or his anxiety. Measures such as seating the members of the lineup at a table fitted with a skirt can be taken to reduce any disparity between the lineup participants. Moreover, the report of the psychiatrists who examined the petitioner pursuant to CPL article 730 reveals that although the petitioner is anxious, he is also courteous and cooperative. His answers to the psychiatrists' questions were found to be relevant and coherent.

Unlike the role of counsel at interrogations or extradition proceedings where a greater degree of participation and comprehension on the part of a defendant is required (see, Matter of Welkes v Brennan, 79 AD2d 644; People ex rel. Fusco v Sera, 123 Misc 2d 19), counsel provides only limited benefits at a preindictment investigatory lineup where he "plays the relatively passive role of an observer" (People v Hawkins, 55 NY2d 474, 485, cert denied 459 US 846). Counsel can choose the petitioner's position in the lineups and can object to any aspect of the proceedings which he feels is suggestive. Compelling the petitioner to appear in the lineups advances the interests of law enforcement and the community as the recollection of witnesses may fade as time passes. Moreover, a prompt identification may also benefit the petitioner, as it may diminish the possibility of a mistaken identification and permit his prompt exoneration if he is not identified. In any event, any issue of suggestiveness cannot be predicted at this time and should await a determination following the conclusion of a Wade hearing, assuming the defendant is ultimately identified and formally charged.

We further find that compelling the petitioner to be shaved will not deprive him of any constitutional right (see, People v La Placa, 127 AD2d 610; cf., People v Vega, 51 AD2d 33). In light of the identification of the petitioner from a photograhic array by two complainants as the gunman in the armed robberies, the People established probable cause to believe that he committed the crimes in question (see, Matter of Abe A., 56 NY2d 288; Matter of Anonymous v Cacciabaudo, 153 AD2d 856). However, on consent of the People, we direct that

the petitioner be shaved by personnel trained to care for incapacitated persons at the hospital ward where he is being detained to ensure his safety and that of others in the area. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.