OPINION OF THE COURT
Dominic R. Massaro, J.
Following an arrest in March of 1989, Harold Matthews was charged with the crime of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06). On application, in July 1991, defendant was examined pursuant to CPL *849 article 730, and found to be an incapacitated person, that is, unable to understand the nature of the proceedings against him or to assist in his own defense. Accordingly, an order of commitment to the custody of the State Commissioner of Mental Hygiene was entered.
Though defendant yet remains in custody, his counsel moves herein to commence a hearing, previously granted, to suppress physical evidence against him, and seeks to waive defendant’s presence thereat. The issue presented is whether an incapacitated defendant’s counsel is empowered to waive her client’s right to be present at a suppression hearing. It is undisputed in the instant case that Mr. Matthews lacks the capacity to make a knowing and intelligent waiver.
Common-Law Standard
Many States, including New York, have codified the common-law test of competency, which focuses upon a defendant’s ability to understand the nature of the proceedings against him and to assist in his own defense (see, CPL 730.10 [1]; People ex rel. Fusco v Sera, 123 Misc 2d 19 [Sup Ct, Bronx County 1984]). "Since the primary purpose of the incompetency rule is to safeguard the accuracy of adjudication, competency requires, at a minimum, that the defendant be sufficiently coherent to provide his counsel with information necessary or relevant to constructing a defense * * * [i]n part, of course, the requirement of rationality reflects concern for the accuracy of the guilt determination process. One who cannot comprehend the proceedings may not appreciate what information is relevant to the proof of his innocence. Moreover, many of the rights afforded the defendant in a criminal trial, such as the right to consult with counsel, the right to testify in one’s own behalf, and the right to confront opposing witnesses, provide safeguards for the accuracy of the result. To exercise these rights in a meaningful way, the defendant must have some ability to confer intelligently, to testify coherently, and to follow and evaluate the evidence presented.” (Note, Incompetency to Stand Trial, 81 Harv L Rev 454, 457 [1967].)
Proceedings Despite Incompetency
While no State permits the trial of a criminal defendant to proceed during his incompetency, courts and commentators have noted the desirability of nonetheless allowing some *850 proceedings to go forward. For example, section 4.06 (3) of the Model Penal Code would permit an incompetent defendant’s attorney to contest any issue "susceptible of fair determination prior to trial and without the personal participation of the defendant.” New York, following closely the language of the Model Code, provides that "[w]hen a defendant is in the custody of the commissioner pursuant to an order of commitment or an order of retention, he may make any motion authorized by this chapter which is susceptible of fair determination without his personal participation. If the court denies any such motion it must be without prejudice to a renewal thereof after the criminal action against the defendant has been ordered to proceed.” (CPL 730.60 [4].)
Defense counsel contends that this statute authorizes her to proceed to a Mapp hearing in her client’s absence. The People counter that the statute merely permits the making of a motion — not going forward with a hearing. Neither defense counsel nor the prosecutor assigned has cited case law in support of their respective positions. Nor has the court become aware of any authority directly on point.
Right to Counsel Analysis
The Supreme Court has consistently held that a person accused of a crime "requires the guiding hand of counsel at every step in the proceedings against him.” (Powell v Alabama, 287 US 45, 69 [1932].) Moreover, "[i]t is central to that principle that in addition to counsel’s presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel’s absence might derogate from the accused’s right to a fair trial.” (United States v Wade, 388 US 218, 226 [1967].)
Thus, the Supreme Court, in Coleman v Alabama (399 US 1 [1970]), held that the Sixth Amendment, as incumbent upon the States through enactment of the Fourteenth Amendment, requires counsel at a preliminary hearing.
If an accused is entitled to the assistance of counsel at every stage of the prosecution, including a preliminary hearing, can such assistance be rendered meaningless by allowing counsel to proceed at such time as the accused is unable to understand the nature of the proceeding against him or to assist in own defense?
In a case involving the attempted extradition of a mentally *851 incompetent person, the Appellate Division, Second Department, concluded that the accused’s right to counsel should not be rendered a meaningless formality because of such accused’s inability to understand the nature of the extradition proceeding or to assist his counsel in either waiving or challenging extradition. (See, Welkes v Brennan, 79 AD2d 644 [2d Dept 1980].) A similar conclusion was reached in this judicial department in People ex rel. Fusco v Sera, wherein the court (supra, at 21-22, quoting from Kostic v Smedley, 522 P2d 535, 537-538 [Alaska 1974]) stated " '[i]n order to afford due process of law, it must appear that the accused has a present ability to consult with his attorney with a reasonable degree of rational understanding, and that he has a rational as well as a factual understanding of the proceedings against him.’ ”
At least with respect to extradition proceedings, then, it appears that the weight of judicial authority mandates a suspension during the accused’s period of incompetency (cf., Luker v Koch, 176 Colo 75, 489 P2d 191 [1971]; Kellems v Buchignani, 518 SW2d 788 [Ky 1974]).
With respect to a preliminary hearing held for the purpose of determining whether there is probable cause to hold the defendant for trial, the Eighth Circuit Court of Appeals has held that to proceed with an incompetent defendant is not a violation of due process in the absence of a showing of specific prejudice; this despite the fact that the preliminary hearing is "a critical and important phase of the criminal proceeding”. (Iverson v North Dakota, 480 F2d 414, 420 [8th Cir 1973].)
Conclusion
In view of the apparent lack of reported cases directly on point, this court shall adhere to a literal reading of CPL 730.60 (4). In furtherance thereof, the court holds that while counsel of an incompetent "may make any motion” on behalf of a client, such allowance is not meant to encompass actually proceeding to the conduct of a granted hearing. To permit otherwise would render said client’s right to counsel a meaningless formality.
A defendant’s presence with the ability to participate at a hearing provides his counsel with the necessary information for full and intelligent representation. An incompetent defendant, by definition, is one who is legally incapable of providing this level of cooperative participation.
At a suppression hearing, aided by a rational client, skilled *852 counsel enjoys a plethora of opportunity: the opportunity to persuade the court to suppress damaging evidence, for example, or to more effectively discover the People’s case so as to prepare an effective defense, or to forge vital impeachment tools for use in cross-examining the People’s witnesses at trial. To allow counsel to proceed toward these ends without the effective consultation of a client risks the possibility of irreparable prejudice attaching before the commencement of trial. It is this court’s opinion that a suppression hearing is not "susceptible of fair determination” while a defendant’s competency is sub judice.
In view of the foregoing, these proceedings are stayed pending certification of Mr. Matthew’s restoration to competency by the Commissioner of Mental Hygiene and further order of this court.