■ In the Matter of ROBERT FORD, Petitioner, v DAVID B. VAUGHAN as Justice of the Supreme Court of the State of New York, et al., Respondents. [602 NYS2d 168] —Proceeding pursuant to CPLR article 78 in the nature of a writ of prohibition to bar enforcement an order of the respondent David B. Vaughan, a Justice of the Supreme Court, Kings County, dated June 7, 1993, which granted the application of the District Attorney of Kings County, *inter alia,* to authorize the taking of finger and palm prints from the petitioner.

Adjudged that the petition is granted, on the law, without costs or disbursements, with leave to the respondent District Attorney of Kings County to renew his application, following service of the affidavits and any other papers upon which it is based, upon the petitioner, who is to be afforded a reasonable opportunity to be heard thereon.

While the remedy of prohibition may not be available to challenge an order issued under CPL 240.40 *(see, e.g., Matter of Anonymous,* 156 AD2d 1028, *affd* 76 NY2d 766; *Matter of Dunnigan v Weissman,* 181 AD2d 731), it is nevertheless an appropriate vehicle for an uncharged suspect in a homicide investigation who seeks to prohibit the enforcement of an order directing him or her to supply corporeal evidence *(see, e.g., Matter of Abe A.,* 56 NY2d 288, 296, n 3; *Matter of Anonymous v Cacciabaudo,* 153 AD2d 856; *Matter of William D. v Rohl,* 148 AD2d 706, 707).

Reaching the merits of the instant case, we find that the People did not demonstrate a need for confidentiality sufficient to permit their application to compel the production of corporeal evidence to be made and determined on sealed papers *(see, People v Castillo,* 80 NY2d 578, *cert denied* — US —, 113

S Ct 1854). The petitioner's application to prohibit enforcement of that order is therefore granted, with leave to the People to seek the same relief upon a proper showing of the need for confidentiality in accordance with *People v Castillo (supra)*. In the absence of a finding of such need by the court, the petitioner must be permitted an opportunity to challenge the claim that probable cause requiring the production of such evidence exists *(see, e.g., Matter of Abe A., supra; cf., People v Castillo, supra; Matter of Little v Savarese*, 156 AD2d 564). Mangano, P. J., Thompson, Bracken, Sullivan and Balletta, JJ., concur.