■ In the Matter of NICHOLAS E. PRYOR, Petitioner, v SOL GREENBERG, as District Attorney of Albany County, et al., Respondents. [668 NYS2d 760] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from obtaining blood samples from petitioner.

On November 12, 1997, petitioner was indicted on two counts of murder in the second degree pursuant to Penal Law § 125. 25 (1) and (2) arising out of a homicide in the City of Albany on November 6, 1997. Specifically, petitioner was charged with causing the death of the victim by, *inter alia*, stabbing the victim. Petitioner was arraigned on November 14, 1997 and pleaded not guilty; on the same day respondent District Attorney moved by an order to show cause to take a blood sample from petitioner (*see*, CPL 240.40 [2] [b] [v]). The District Attorney asserted that traces of blood were recovered at the crime scene, that petitioner was observed "to have a number of apparently recent wounds which could have left trace amounts of blood at the scene", that petitioner's blood was needed as a comparison against evidence collected at the crime scene by police, that taking the sample would not pose an unreasonable intrusion into petitioner's body and that the means of obtaining the sample were safe and reliable; petitioner opposed the application. Following oral argument, respondent Albany County Judge granted the District Attorney's request and ordered that petitioner permit the taking of blood samples in a medically safe and approved manner involving the least intrusion into petitioner's body. Thereafter, petitioner commenced the instant proceeding in this Court to prohibit the enforcement of the order pursuant to CPLR article 78.

The extraordinary remedy of prohibition is available against a court or a prosecutor to prevent a judicial body from acting without or in excess of its jurisdiction only when a petitioner establishes a clear legal right to such relief (*see, Matter of Haggerty v Himelein*, 89 NY2d 431, 435; *Matter of Pirro v Angiolillo*, 89 NY2d 351, 355; *Matter of Holtzman v Goldman*, 71 NY2d 564, 569; *Matter of Rush v Mordue*, 68 NY2d 348, 352; *La Rocca v Lane*, 37 NY2d 575, 578-579, *cert denied* 424 US 968; *Matter of State of New York v King*, 36 NY2d 59, 62). A writ of prohibition may lie where a fundamental constitutional

right is threatened or where there is an abuse of power that cannot otherwise be adequately addressed through the normal appeal process (*see, Matter of Rush v Mordue, supra*, at 354; *La Rocca v Lane, supra*, at 579-580). The granting of a writ of prohibition is within the sound discretion of the court which should consider a number of factors including the gravity of harm and whether an adequate remedy exists at law or in equity (*see, Matter of Pirro v Angiolillo, supra*, at 359; *La Rocca v Lane, supra*, at 579-580; *Matter of James N. v D'Amico*, 139 AD2d 302, 304, *lv denied* 73 NY2d 703).

No matter how a challenge is characterized, however, "[t]he courts may not entertain a collateral proceeding to review an error of law in a pending criminal action, however egregious and however unreviewable, by way of immediate appeal or by appeal after the final judgment of conviction or acquittal, whichever may eventuate" (*Matter of State of New York v King, supra*, at 62; *see, Matter of Pirro v Angiolillo, supra*, at 355; *Matter of Rush v Mordue, supra*, at 353; *Matter of Mulvaney v Dubin*, 55 NY2d 668, 669; *La Rocca v Lane, supra*, at 579). Moreover, in order to prevent the frustration of statutory or constitutional limits of review, "[t]he orderly administration of justice requires that correction of litigation errors merely be left to the ordinary channels of appeal or review" (*La Rocca v Lane, supra*, at 579; *see, Matter of Legal Aid Socy. v Scheinman*, 53 NY2d 12, 16-17). Notably, the Court of Appeals has held that "[p]rohibition does not lie to challenge [an] order issued pursuant to CPL 240.40 directing [a] petitioner to submit to a blood test" (*Matter of Anonymous*, 76 NY2d 766, 767-768). This Court has also held that the extraordinary remedy of prohibition is not available to challenge an order requiring a petitioner to allow a sample of blood to be taken (*see, Matter of Vann v Friedlander*, 170 AD2d 782). Here, because petitioner had been indicted, the granting of the order was authorized by statute and was clearly within the jurisdiction of County Court (*cf., Matter of Ford v Vaughan*, 196 AD2d 869) and petitioner has an adequate remedy at law for any error resulting from this order. Accordingly, prohibition does not lie (*see, CPL 240.40 [2] [b] [v]; Matter of State of New York v King, supra*, at 62-65; *see also, Matter of Mulvaney v Dubin, supra*, at 669; *La Rocca v Lane, supra*, at 579; *Matter of James N. v D'Amico, supra*, at 305; *see generally, Matter of Pirro v Angiolillo, supra*, at 356; *Matter of Rush v Mordue, supra*, at 353) and the petition should be dismissed.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the petition is dismissed, without costs.