208 P.3d 1207 (2009)
In the Matter of the PERSONAL RESTRAINT OF JIAN LIU, Petitioner.
No. 62820-8-I.
Court of Appeals of Washington, Division 1.
June 1, 2009.
*1208 Hugh W. Berry, HWB Esq. PLLC, Mill Creek, WA, for Petitioner.
Eric John Richey, Whatcom County Courthouse, Bellingham, WA, for Respondent.
ELLINGTON, J.
¶ 1 This case presents a question of first impression in Washington: whether an alleged fugitive must be competent to participate in an interstate extradition proceeding. We conclude that due process and the right to counsel under the uniform criminal extradition act, chapter 10.88 RCW, demand that a person be sufficiently competent to communicate and assist counsel with the limited defenses available in such a proceeding. Here, though petitioner Jian Liu presented evidence raising questions about her competency, the trial court denied her motion to stay the proceeding pending a determination of her competence. We grant Liu's personal restraint petition and remand for further proceedings consistent with this opinion.

BACKGROUND
¶ 2 Jian Liu entered Canada using a false name and another person's documents. She was detained by Canadian immigration authorities, and a lawyer representing her raised questions about her mental health. The Canadian court inquired into her competency, and a psychiatric evaluation found her psychotic and unlikely to be able to understand legal proceedings or to advise counsel. Liu's court appointed special representative nonetheless considered Liu able to proceed.[1] Liu admitted the relevant allegations and waived her rights to further immigration proceedings. Then, because the State of Florida had issued a warrant for Liu's arrest,[2] she was transferred to United States authorities in Blaine, Washington. Liu is being detained in the Whatcom County jail.
¶ 3 The State of Washington commenced interstate extradition proceedings to honor the Florida warrant. At a status hearing, counsel for Liu asked for a stay of proceedings in order to obtain a competency evaluation. The State contended no competency need be shown for extradition proceedings. The court declined to order an extradition, relying on a Kentucky case holding that "the question of mental competence of a fugitive in extradition proceedings is not relevant."[3]
¶ 4 Liu filed this personal restraint petition and moved to stay further trial court proceedings pending its resolution. A commissioner of this court granted the motion in part,[4] and the matter was referred to a panel of judges for determination on the merits.

DISCUSSION
¶ 5 Interstate extradition is controlled by the federal constitution, which provides in part:
A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered *1209 up, to be removed to the state having jurisdiction of the crime.[[5]]
Like most other states, Washington has implemented the requirements of the extradition clause by adopting the uniform criminal extradition act (UCEA).
¶ 6 The UCEA provides that a person arrested pursuant to an extradition warrant must appear in the court of the asylum state to be informed of the charges. The person "has the right to demand and procure legal counsel" and to "test the legality of his arrest" through a writ of habeas corpus.[6] Because the extradition clause "was intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed,"[7] the scope of inquiry in a proceeding to challenge extradition is narrowly limited. The court may consider only "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive."[8]
¶ 7 Given the limited factual matters at issue, defenses to extradition are few, and those that require the fugitive's personal knowledge even fewer.[9] Nevertheless, a successful defense may result in release from incarceration in the asylum state.[10] Thus the right to counsel.
¶ 8 The majority of courts considering the question have held that to be meaningful, the UCEA statutory right to counsel requires the competency of the alleged fugitive.[11] We agree. Where the alleged fugitive is incompetent to consult and communicate with counsel, the ability for counsel to raise any defense is "completely foreclosed" and "[t]he proceeding then becomes a procedural shell without substance."[12]
*1210 ¶ 9 Due process requires no less.[13] We reject the State's assertion that interstate extradition, technically a civil matter, involves no loss of liberty. Liu has been incarcerated in a county jail for several months pending transfer to Florida, where she will await criminal prosecution. "[S]urely it is elementary that constitutional due process prohibits the bundling up and shipment of a human being from one state to another without an opportunity to be heard, no matter how limited in scope the available defenses against it may be."[14]
¶ 10 The further question is the level of competence required. Courts that have addressed the issue are almost evenly split between two approaches.
¶ 11 Alaska, Colorado, Massachusetts, New York, and West Virginia have adopted the "broad" approach, which requires the same level of competence required to stand trial.[15] Under that standard, the alleged fugitive must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding  and ... a rational as well as factual understanding of the proceedings against him."[16]
¶ 12 Georgia, Texas, Louisiana, and Kansas have adopted a more limited, so-called "middle of the road" approach to competency. These states have held that the alleged fugitive need only be able to consult her lawyer as to her identity and her status as a fugitive  the only defenses for which the alleged fugitive's personal knowledge is necessary.[17] As the Kansas court explained:
The issues of whether the extradition documents on their face are in order and whether the alleged fugitive has been charged with a crime in the demanding state can be tested by counsel without assistance from the alleged fugitive, and therefore, both the right to counsel and the right to present defenses are not eroded if an alleged fugitive lacks the ability to comprehend the legal documents at issue.[[18]]
¶ 13 Given the summary nature of an extradition proceeding, a more limited competence appears to serve both the statute and due process. To give meaning to the right to challenge the legality of arrest, an alleged fugitive must be sufficiently competent to assist counsel in raising or waiving the factual defenses to extradition. This level of competence ensures the fugitive can seek the protection of the limited defenses available in the proceeding. A broader understanding of the proceedings or a greater ability to advise counsel are not essential.
¶ 14 Liu is a Washington prisoner solely pursuant to the UCEA. Both that statute and the principles of due process confer upon her the right to meaningful participation in the proceedings, which requires the level of competency necessary to challenge extradition. Because the court denied Liu's request for a competency determination, her restraint is unlawful. Accordingly, we grant her personal restraint petition and remand for further proceedings consistent with this opinion.
WE CONCUR: GROSSE and BECKER, JJ.
NOTES
[1] Our record of proceedings in Canada is sketchy. The appointed special representative was an immigration attorney with no mental health expertise. It appears he did not review the psychiatric evaluation, but spoke with Liu and concluded she understood the nature of the proceedings. He so advised the court. It does not appear he acted further as her representative.
[2] Liu is charged with organized fraud and making false and fraudulent insurance claims.
[3] Kellems v. Buchignani, 518 S.W.2d 788 (Ky. 1974).
[4] The commissioner granted a stay of any actual transfer from the state of Washington but left the trial court the power to "actually address the question of competency" and to deal with any issues involving Liu's continued confinement. Comm'r Ruling (Jan. 22, 2009) at 3.
[5] U.S. Const. art. IV, § 2.
[6] The statute provides in full: "No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state: PROVIDED, That the hearing provided for in this section shall not be available except as may be constitutionally required if a hearing on the legality of arrest has been held pursuant to RCW 10.88.320 or 10.88.330." RCW 10.88.290 (emphasis added).
[7] Michigan v. Doran, 439 U.S. 282, 287, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).
[8] Id. at 288, 99 S.Ct. 530.
[9] Some courts state that an alleged fugitive's personal knowledge is only necessary to determine his or her identity and whether he or she is in fact a fugitive. See, e.g., State v. Patton, 285 Kan. 779, 790, 176 P.3d 151 (2008). "`[Fu]gitive' means the accused was in the demanding state when the alleged crime was committed." Id. at 782, 176 P.3d 151.
[10] State ex rel. Jones v. Warmuth, 165 W.Va. 825, 835, 272 S.E.2d 446 (1980).
[11] See Patton, 285 Kan. at 790, 176 P.3d 151; Ex Parte Potter, 21 S.W.3d 290, 296 (Tex.Crim.App. 2000); Oliver v. Barrett, 269 Ga. 512, 514, 500 S.E.2d 908 (1998); In re Hinnant, 424 Mass. 900, 907, 678 N.E.2d 1314 (1997); Matter of Welkes v. Brennan, 79 A.D.2d 644, 433 N.Y.S.2d 817 (1980); Warmuth, 165 W.Va. at 836, 272 S.E.2d 446; Kostic v. Smedley, 522 P.2d 535, 537 (Alaska 1974). Only Kentucky and Florida have held that the competence of the alleged fugitive is irrelevant in extradition proceedings. See Kellems, 518 S.W.2d at 788; State ex rel. Buster v. Purdy, 219 So.2d 43 (Fla.3rd DCA 1969). These cases contain little analysis and rely on Charlton v. Kelly, 229 U.S. 447, 33 S.Ct. 945, 57 L.Ed. 1274 (1913), as supporting authority. But Charlton provides no support for the conclusions in those cases. Charlton held that the accused's present competence as it relates to guilt or the ability to stand trial is irrelevant to an international extradition hearing and should be determined by the court having jurisdiction of the crime. Charlton, 229 U.S. at 452, 33 S.Ct. 945. Charlton does not address the issue of the alleged fugitive's competence as it relates to the ability to meaningfully participate in the extradition hearing itself, and is therefore inapposite.
[12] Warmuth, 165 W.Va. at 836, 272 S.E.2d 446. See also Kostic, 522 P.2d at 537 (where accused is not competent, "[t]he statutory right to have the assistance of counsel would, in such a case, become a nullity").
[13] See Potter, 21 S.W.3d at 297; Kostic, 522 P.2d at 537; Mora v. Dist. Ct., 177 Colo. 381, 383-85, 494 P.2d 596 (1972); Hinnant, 424 Mass. at 907-08, 678 N.E.2d 1314; People v. Kent, 133 Misc.2d 505, 508, 507 N.Y.S.2d 353 (1986); Warmuth, 165 W.Va. at 836, 272 S.E.2d 446.
[14] Kellems, 518 S.W.2d at 789 (Palmore, J., dissenting).
[15] See Kostic, 522 P.2d at 539; Hinnant, 424 Mass. at 910, 678 N.E.2d 1314; Warmuth, 165 W.Va. at 834-35, 272 S.E.2d 446; Kent, 133 Misc.2d at 508-10, 507 N.Y.S.2d 353; Pruett v. Barry, 696 P.2d 789, 793 (Colo.1985).
[16] Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).
[17] Patton, 285 Kan. at 793, 176 P.3d 151; Potter, 21 S.W.3d at 296-97; Oliver, 269 Ga. at 514, 500 S.E.2d 908; State v. Tyler, 398 So.2d 1108, 1112 (La.1981).
[18] Patton, 285 Kan. at 793, 176 P.3d 151.