OPINION OF THE COURT
Howard M. Aison, J.
The question this court must answer is whether CPL article 730 requires the State Commissioner of Mental Health to accept an incapacitated probationer charged with a violation of probation.
Probationer, presently incarcerated, was placed, in 1988, on probation for five years after having been indicted for and convicted of assault in the second degree, a class D felony. In January 1990 a petition was filed with this court alleging that probationer violated the terms and conditions of his probation. Probationer appeared in court for his arraignment and it was *755 the opinion of this court, the District Attorney and the Public Defender that he was incapacitated. Article 730 examinations were ordered and held and both psychiartrists were also of the same opinion.
By order of commitment dated March 5, 1990 the court adjudicated probationer incapacitated and committed him to the custody of the Commissioner of Mental Health for a period not to exceed one year. Thereafter counsel’s office contacted the court and stated that Mental Health would not accept probationer until he was found to be in violation of probation and recommended that hospitalization be sought under Correction Law § 508.*
By statute, not by constitutional requirement (see, Escoe v Zerbst, 295 US 490, 492), an accused probation violator is entitled to counsel and is given an opportunity to be heard (CPL 410.70 [1], [4]; People v Halaby, 77 AD2d 717). His or her capacity to understand the nature of the probation violation proceedings and assist in his or her defense is a corollary to these statutorily given rights. Violation proceedings against an incompetent probationer must be stayed until the probationer is certified competent or until the probationer can no longer be retained (see, CPL 730.50).
Where there are interstices in the law and immediate action is required, a court should not hesitate to bridge the gaps especially if all parties are in agreement as to the means to be used. Article 730 has been held to be applicable to extradition proceedings (Matter of Welkes v Brennan, 79 AD2d 644; People v Kent, 133 Misc 2d 505; People ex rel. Fusco v Sera, 123 Misc 2d 19). We hold that article 730 is also applicable to violation of probation proceedings and that probationer needs the care and treatment mandated under said article. Such proceedings are a continuation of the criminal action relating back to probationer’s indictment.
The Commissioner of Mental Health is directed to accept probationer Tompkins, and to comply with CPL 730.50 and the order of this court dated March 5, 1990.

 The first suggestion is a "Catch 22”. With respect to the second, Correction Law § 508 (3) authorizes the Sheriff, upon jail physician certification, to cause a prisoner to be admitted to a psychiatric hospital. The statute’s purpose is to retain a prisoner until his or her mental illness has improved sufficiently so that hospitalization is no longer necessary or until ordered by the court. A finding of sufficient improvement would not necessarily be a finding of competency as defined in CPL 730.10 (1).