■ In the Matter of WILLIE READDON, Appellant, v DONALD SELSKY, as Director of Special Housing Unit, et al., Respondents. [708 NYS2d 484] —Appeal from a judgment of the Supreme Court (Demarest, J.) entered June 1, 1999 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of participating in and/or urging others to participate in an action detrimental to the order of the facility after petitioner ordered various inmates to refuse their meals in a protest against the facility's food. Initially, we reject petitioner's contention that he was denied effective inmate assistance because his assistant failed

to obtain statements from petitioner's requested witnesses. The record reveals that all of petitioner's witnesses testified at the hearing and, therefore, petitioner has failed to establish how he was prejudiced by the lack of written statements (*see, Matter of Dawes v Coughlin*, 217 AD2d 726, 727, *lv denied* 86 NY2d 712; *Matter of Bryant v Mann*, 160 AD2d 1086, *lv denied* 76 NY2d 706).

Next, we reject petitioner's contention that the 24-hour rule was violated. The record reveals that petitioner was served the misbehavior report on December 31, 1998 and also met with his assistant the same day. Petitioner again met with his assistant on January 4, 1999. Subsequently, the hearing commenced several hours later. Accordingly, the hearing was commenced at least 24 hours after petitioner's first meeting with the assistant and the rule was not violated (*see,* 7 NYCRR 254.6 [a]; *Matter of Feliciano v Selsky*, 239 AD2d 799). Further, petitioner has failed to demonstrate prejudice arising from any other irregularities in the record (*see, Matter of Fama v Mann*, 196 AD2d 919, *lv denied* 82 NY2d 662).

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.