■ In the Matter of ANDRE T. MCCANTS, Appellant, v BRION D. TRAVIS, as Chair of the Division of Parole, Respondent. [737 NYS2d 416] —Spain, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered April 25, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.

On April 3, 1999, petitioner was arrested for criminal possession of a controlled substance in the third degree. At the

time of his arrest, petitioner was on parole release from an earlier conviction. Petitioner pleaded guilty to the reduced crime of criminal possession of a controlled substance in the fifth degree and was sentenced to an indeterminate term of 2½ to 5 years, to be served under parole supervision at the Willard Drug Treatment Campus (hereinafter WDTC; *see*, CPL 410.91), in lieu of imprisonment.

In August 1999, after failing to participate in drug treatment programs, petitioner agreed to be "recycled" through the WDTC program for an additional 30 days and consented to a special condition that he fully participate in and successfully complete the program and that a failure to do so would constitute a violation of his parole. Within a month, petitioner was removed from WDTC after an evaluation committee found that he continued to show poor progress and failed evaluations, and that a misbehavior report had been issued for fighting with another parolee. Petitioner was declared delinquent and charged with violating his parole (warrant No. 324825). After a preliminary parole revocation hearing resulted in a finding of probable cause to believe that petitioner violated the special condition of his parole supervision, petitioner's request for readmission to WDTC was approved, his delinquency was canceled and, on December 1, 1999, he was returned to WDTC.

On December 9, 1999, petitioner was issued several misbehavior reports for threatening physical harm to WDTC staff and for breaking a window at WDTC. He was again declared delinquent and charged with a parole violation (warrant No. 325080). A preliminary parole revocation hearing was held on December 14, 1999 at which probable cause was found to believe petitioner had violated the conditions of his parole. A final parole revocation hearing resulted in a determination that petitioner violated his parole and recommended a time assessment of 30 months, the minimum sentence imposed for his earlier conviction. The Board of Parole accepted this recommendation and petitioner thereafter commenced this CPLR article 78 proceeding claiming numerous errors with respect to the issuance and prosecution of both parole violation warrants. Supreme Court dismissed the petition, finding that petitioner's claims as to the earlier warrant were moot and that his remaining claims were without merit. Petitioner now appeals, and we affirm.

Initially, we find that Supreme Court correctly concluded that any procedural irregularities or deficiencies with respect to the earlier warrant were rendered moot when the Board canceled petitioner's delinquency and permitted his return to

parole supervision at WDTC, as the cancellation of his delinquency without any final determination that he violated his parole afforded petitioner all the relief to which he is entitled and he is no longer aggrieved in any respect (*see, Matter of Thomas v Selsky*, 286 AD2d 535, *appeal dismissed* 97 NY2d 637).

We also reject petitioner's claim that the Board failed to properly consider his mental condition or assign counsel to represent him at the latter preliminary parole revocation hearing. While the assistance of counsel is guaranteed at a *final* parole revocation hearing (*see, People ex rel. Menechino v Warden, Green Haven State Prison*, 27 NY2d 376, 383; *see also*, Executive Law § 259-i [3] [f] [v]), "in the vast majority of cases, there [is] no need for the assistance of counsel at [the] *preliminary* stage of the parole revocation process," and the determination will turn on the facts of the particular case (*People ex rel. Calloway v Skinner*, 33 NY2d 23, 31 [emphasis supplied]; *see, Gagnon v Scarpelli*, 411 US 778, 790-791). Unlike the final hearing, the preliminary hearing is "summary and informal," focusing on whether there is probable cause to believe that the parolee has violated conditions of parole (*see*, 9 NYCRR 8005.7), i.e., whether further revocation proceedings are warranted (*see, People ex rel. Calloway v Skinner, supra* at 31).

At the outset of the preliminary hearing, the Hearing Officer questioned petitioner regarding his mental competency, ascertaining, among other things, that he was not taking any medication or currently being treated by a mental health professional. After petitioner twice admitted that he understood the charge against him and after questioning the WDTC parole officer on this issue, the Hearing Officer determined that petitioner was competent to represent himself at that hearing. We find that this is not a case in which fundamental fairness required assistance of counsel at the preliminary hearing (*see, People ex rel. Moll v Rodriguez*, 132 AD2d 766, 766-767, *lv denied* 70 NY2d 611). Importantly, petitioner was represented by counsel at his final parole revocation hearing where his mental competency was not raised as a factor to be considered in mitigation of, or as an excuse for, the charged violation of parole (*see, People ex rel. Newcomb v Metz*, 64 AD2d 219, 222-223; *see also, Matter of Newcomb v New York State Bd. of Parole*, 88 AD2d 1098, *cert denied* 459 US 1176). Thus, any challenge to his mental competency is not properly preserved for our review (*see, Matter of Green v Selsky*, 275 AD2d 867, *lv denied* 97 NY2d 602; *Matter of Daum v Goord*, 270 AD2d 745, 746).

In any event, even if petitioner had been entitled to representation at his preliminary hearing, that "hearing [was] not critical to the fairness of the final hearing which follow[ed]" (*People ex rel. Calloway v Skinner, supra* at 31), i.e., he has not demonstrated any actual prejudice from counsel's absence and, indeed, was represented when the determination to revoke his parole status was made at the final hearing (*see, Matter of Readdon v Selsky*, 272 AD2d 697, 697-698). Decisions by the Board constitute discretionary acts which are not subject to review where, as here, they are made in accordance with the law (*see, Matter of Gray v Travis*, 239 AD2d 631, 632; *see also,* Executive Law § 259-i [5]).

We have considered petitioner's remaining contentions and find they are without merit.

Crew III, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.