■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VENEZIANO, Appellant. [878 NYS2d 888]—Judgment of resentence, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered December 14, 2006, convicting defendant, after a hearing, of violation of probation, and resentencing him to a term of $1^1/_3$ to 4 years, unanimously affirmed.

The court was under no obligation to order a CPL article 730 examination sua sponte (see *People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]). The information before the court concerning defendant's mental condition did not suggest that he was unable to understand the proceedings or assist in his defense. Concur—Friedman, J.P., Sweeny, Nardelli, Acosta and Richter, JJ.

■ NICHOLAS GEORGIOU, Respondent, v 32-42 BROADWAY LLC et al., Defendants, and LIBERTY CAFÉ, Appellant. (And a Third-Party Action.) [878 NYS2d 889]—Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered July 23, 2008, which, to the extent appealed from as limited by the brief, denied defendant Liberty Café's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Liberty Café dismissing the complaint as against it.

Plaintiff in this slip-and-fall case failed to raise a triable issue of fact with respect to whether commercial tenant Liberty Café caused or created, or had constructive notice of, a dangerous recurring condition (see *DeJesus v New York City Hous. Auth.*, 11 NY3d 889 [2008]; *Casado v OUB Houses Hous. Co. Inc.*, 59 AD3d 272 [2009]). Concur—Friedman, J.P., Sweeny, Nardelli, Acosta and Richter, JJ.