OPINION OF THE COURT
Memorandum.
Ordered that the amended judgment is reversed, on the law *3 and facts, the sentence imposed on December 21, 2010 is vacated, and the violation of probation petition is dismissed.
On June 22, 2009, defendant was convicted, upon his plea of guilty, of violating Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree, and sentenced to three years’ probation. On July 30, 2010, defendant’s probation officer filed a violation of probation petition (see CPL 410.30).
At defendant’s first appearance on the petition, the prosecutor, quoting a physician’s letter which stated that defendant suffers from a “Schizoaffective Disorder,” recommended that defendant be examined to determine whether he is an incapacitated person (see CPL 730.10 [2]; 730.30 [1]). Pursuant to the City Court’s order, defendant was subsequently examined by two psychologists, both of whom declared defendant a schizophrenic with auditory hallucinations who was lacking the cognitive capacity to understand the court proceedings and to assist his counsel with the defense. Defense counsel objected to any proceedings on the merits of the petition, owing to defendant’s lack of capacity. The City Court noted the objection and ordered the violation of probation hearing to commence. Following the hearing, the City Court revoked the sentence of probation and entered an amended judgment resentencing defendant to time served.
On appeal, defendant does not raise any issue regarding the sufficiency of the testimony of defendant’s probation officer to establish that defendant had committed acts which constituted a violation of the terms of his probation. The sole issue on this appeal is whether the City Court’s failure to afford defendant a competency hearing as a predicate to a violation of probation proceeding denied him his right to due process. Agreeing that going forward with the violation of probation proceeding may have been “ill-advised” in light of the examination findings, the People argue that, because defendant has served his sentence, the appeal is moot. For the reasons that follow, we conclude that we may review the issue and that, as a matter of due process, defendant was entitled to a hearing to determine his competence to participate in a violation of probation proceeding before such a proceeding could go forward.
As a general rule, an appellate challenge to the propriety of a violation of probation determination is deemed to be moot if the defendant has served the sentence imposed pursuant to the amended judgment (e.g. People v Baker, 100 AD3d 1154, 1155 [2012]; People v Pesce, 9 Misc 3d 138[A], 2005 NY Slip Op *4 51749[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). However, whether defendant was entitled, as a matter of due process, to a preliminary determination as to competence before being subjected to such a proceeding is a question of importance to the criminal justice system (People v Fuller, 57 NY2d 152, 156 n 2 [1982]) and is sufficiently likely to recur but to evade appellate review, owing to the mootness doctrine, to require review of the claim’s merits (Matter of Lopez v Evans, 104 AD3d 105, 108 n 2 [1st Dept 2012]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Consequently, the issue presented herein falls within the exception to the mootness doctrine.
A trial court may, sua sponte, order a competency examination when it has reasonable grounds to suspect that a defendant, charged with a violation of probation, suffers from a mental disease or defect sufficient to deprive him or her of the capacity to understand the proceedings and to assist in the defense (CPL 730.10 [1]; People v Veneziano, 62 AD3d 588 [1st Dept 2009]; People v Costanza, 36 AD3d 829 [2d Dept 2007]; People v Ramirez, 29 AD3d 1022 [2d Dept 2006]; see generally People v Tortorici, 92 NY2d 757 [1999]). Given the examination results, it was error for the City Court to decline to hold a competency hearing to determine defendant’s fitness to participate in a violation of probation proceeding.
There remains a question as to whether, following a hearing wherein a defendant is found incompetent, a violation of probation proceeding may go forward. In the rather analogous context of a revocation of parole proceeding, there are “certain older decisions” (Lopez v Evans, 104 AD3d at 108) from the Appellate Division, Third and Fourth Departments, which hold that a parolee’s mental competence is not a condition precedent to a revocation hearing (People ex rel. Newcomb v Metz, 64 AD2d 219, 223 [3d Dept 1978]; People ex rel. Porter v Smith, 71 AD2d 1056 [4th Dept 1979]) but is merely a factor to be considered “in mitigation of, or as an excuse for, the charged violation” (Matter of McCants v Travis, 291 AD2d 594, 596 [3d Dept 2002]). However, in Lopez, the Appellate Division, First Department, rejected this “older” line of cases and held that “the basic requirements of due process applicable to a parole revocation proceeding” require a predicate determination of competence before the revocation proceeding may commence (Lopez v Evans, 104 AD3d at 108). We now hold that the considerations underlying the determination in Lopez are equally applicable to probation violation proceedings and that an alleged violation of *5 probation may not be adjudicated while a defendant is incompetent. Violation of probation hearings are summary in nature (CPL 410.70 [3]), and a violation finding need only be based on a preponderance of the evidence (CPL 410.70 [3]; e.g. People v Fusco, 91 AD3d 984, 985 [2012]), which may include hearsay (People v Bevilacqua, 91 AD3d 1120, 1121 [2012]), rendering due process considerations of particular importance in this context.
In light of the fact that defendant has served his sentence, the violation of probation petition must be dismissed (see Lopez v Evans, 104 AD3d 105 [2012]).
Accordingly, the amended judgment is reversed, the sentence imposed on December 21, 2010 is vacated, and the violation of probation petition is dismissed.
Iannacci, J.P, Maraño and Tolbert, JJ., concur.