Matter of Hart v Rodriguez (2019 NY Slip Op 00949)





Matter of Hart v Rodriguez


2019 NY Slip Op 00949


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

527244

[*1]In the Matter of ZEBADIAH HART, Petitioner,
v
ANTHONY RODRIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: January 4, 2019

Before: Garry, P.J., Egan Jr., Clark, Aarons and Rumsey, JJ.


Zebadiah Hart, Pine City, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with refusing a direct order, fighting, violent conduct and creating a disturbance. According to the report, its author responded to a disturbance in the facility yard and observed petitioner attempting to "reengage in violent conduct" with two other inmates. Petitioner refused several orders to stop and physical force became necessary to effect compliance. Following a tier III disciplinary hearing, petitioner was found guilty of refusing a direct order, but not guilty of the remaining charges. This determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, video footage of the yard and documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Rivera v Annucci, 160 AD3d 1273, 1273 [2018]; Matter of King v Annucci, 155 AD3d 1145, 1145 [2017]). Contrary to petitioner's contention, the misbehavior report was sufficiently detailed to give him notice of the charges and enable him to prepare a defense (see Matter of Ortiz v Annucci, 163 AD3d 1383, 1384 [2018]; Matter of Brown v Venettozzi, 162 AD3d 1434, 1435 [2018]).
We reject petitioner's contention that he was not provided adequate employee assistance. Initially, the requirement that a disciplinary hearing cannot commence until 24 hours after the inmate's initial meeting with the employee assistant (see 7 NYCRR 254.6 [a] [1]) was satisfied here, as the record reflects that an employee assistant initially met with petitioner five [*2]days before the hearing (see Matter of Readdon v Selsky, 272 AD2d 697, 698 [2000]). At the hearing, the Hearing Officer noted that the assistant had provided petitioner with some but not all of the documents that he had requested, and petitioner objected that the assistant was not one of the employees that he had requested to assist him. The Hearing Officer adjourned the hearing in order to obtain the remaining documents for petitioner and to assign him an assistant that he had requested. When the hearing resumed, petitioner affirmed that he had met with the assistant and had been provided all the documents that he had requested, and he raised no further objection as to his employee assistance. Inasmuch as any defects in his employee assistance were remedied by the Hearing Officer, and petitioner has not demonstrated that he was prejudiced by said defects, the record does not establish that he was denied adequate employee assistance (see Matter of Gulifield v Annucci, 164 AD3d 1001, 1003 [2018]; Matter of Harris v Annucci, 145 AD3d 1293, 1294 [2016]). Finally, the record does not reveal that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Swinton v Venettozzi, 164 AD3d 1584, 1585 [2018]; Matter of Lebron v Annucci, 163 AD3d 1387, 1388 [2018]).
Garry, P.J., Egan Jr., Clark, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.